**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zurich American Insurance Company, ) | No. CV-19-08227-PCT-SPL |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Doreen N. McPaul, et al., ) | |
| Defendants. ) | |

Before the Court is a Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment filed by Zurich American Insurance Company, a New York corporation with its principal place of business in Illinois ("Plaintiff"). (Doc. 30) Additionally, before the Court is a Motion for Summary Judgment filed by Doreen McPaul, the Attorney General of the Navajo Nation, in her official capacity; Judge Cynthia Thompson, in her official capacity as tribal judge of the Navajo Nation District Court; and Judge Rudy Bedonie, in his official capacity as tribal judge of the Navajo Nation District Court (collectively "Defendants"). (Doc. 32) For the following reasons, the Court will grant Plaintiff's motion and deny Defendants' motion.[1]

**I.    Background**

This case arises from Pic-N-Run ("PNR"), a non-tribal entity, operating a gas station

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

on the Navajo Reservation. (Doc. 1 at 5) In 2005, a fuel line was breached at the gas station and released over 15,000 gallons of gasoline onto land located within the Navajo Reservation. (Doc. 1 at 5) On November 8, 2013, the Navajo Nation filed a complaint in the Chinle District Court, arguing that Plaintiff, PNR, and others were responsible for the fuel breach and resulting damage to reservation land. (Doc. 33-2) As to Plaintiff, the complaint alleged that Plaintiff issued an insurance policy to PNR that specifically covered the damage that had occurred, and Plaintiff breached its duty to defend and indemnify its insured by denying PNR's insurance claim.[2] (Doc. 33-2 at 16-19)

In 2014, Plaintiff filed a motion to dismiss the claims, arguing that the Navajo tribal court did not have jurisdiction because Plaintiff is not a tribal member. (Doc. 33-3) In 2016, before the tribal court ruled on the motion, Plaintiff and the Navajo Nation—along with another defendant insurance company—filed a set of joint stipulated facts regarding the issue of subject matter jurisdiction. (Doc. 33-6) The following facts were stipulated to during the tribal court proceedings:

1. PNR subleased tribal trust lands within the formal boundary of the Navajo Nation Indian Reservation (the "Property") in 1997 for the purpose of operating a gas station and convenience store. (Doc. 33-6 at 3)

2. Plaintiff issued PNR a Storage Tank System Third-Party Liability and Cleanup Policy, effective from September 9, 2003 to September 9, 2004. (Doc. 33-6 at 3) The policy was issued to PNR's main office in Flagstaff, Arizona. (Doc. 33-6 at 3)

3. Beginning in July 2004, PNR contracted with a third-party to perform upgrades at the Property, including installing above-ground storage tanks to replace the underground storage tanks. (Doc. 33-6 at 3)

4. In March of 2005, a subcontractor employee working at the Property

---

[2] The Navajo Nation also alleged that Plaintiff was liable under the Navajo concept of "nályééh," which attributes fault to those with "the ability to provide [] compensation" for the individuals who are actually liable. (Doc. 33-2 at 19)

breached a supply line connected to the above ground storage tanks, which released an estimated 15,633 gallons of unleaded premium gasoline into the environment within the Navajo Reservation. (Doc. 33-6 at 4) The breach went undetected until August of 2005. (Doc. 33-6 at 4)

5. On August 27, 2009, the United States Environmental Protection Agency issued an order finding that the 2005 breach had contaminated the soil and affected the groundwater within the Navajo Nation Reservation. (Doc. 33-6 at 4-5)

Based on these facts, the Chinle District Court issued an order denying Plaintiff's motion to dismiss. (Doc. 33-7) In March of 2018, Plaintiff filed a Petition for a Writ of Prohibition with the Navajo Nation Supreme Court. (Doc. 33-8) The Navajo Nation Supreme Court denied the Writ of Prohibition. (Doc. 33-9)

Plaintiff filed its complaint in this Court on July 30, 2019, seeking declaratory and injunctive relief. (Doc. 1) Defendants answered on August 28, 2019. (Doc. 14) On January 3, 2020, Plaintiff filed the Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment. (Doc. 30) The same day, Defendants filed their Motion for Summary Judgment. (Doc. 32) Both motions are ripe and ready for review. (Docs. 30, 32, 34, 35, 39, 40)

**II.   Legal Standard**

"Questions about tribal jurisdiction over non-Indians is an issue of federal law." *Big Horn Cty. Elec. Coop., Inc. v. Adams*, 219 F.3d 944, 949 (9th Cir. 2000). Accordingly, this Court has jurisdiction under 28 U.S.C. § 1331 to determine whether the Navajo Nation tribal courts properly asserted jurisdiction over Plaintiff. "The standard of review for an Indian tribal court decision deciding jurisdictional issues is de novo on questions of federal law." *Id.* (citation omitted). A district court's review of tribal jurisdiction is akin to an appellate review of the tribal court record. *Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802, 817 n.9 (9th Cir. 2011). Therefore, a district court cannot rely on evidence that was not before the tribal court. *Id.*

## III.   Discussion

Plaintiff argues that the jurisdictional facts here are not disputed, and it is therefore entitled to summary judgment as a matter of law. (Doc. 39 at 4) Specifically, Plaintiff asserts that it did not cause the gas leak alleged in the tribal court complaint and was not present within the Navajo Reservation, literally or constructively, when the fuel line breach occurred. (Doc. 39 at 4) Plaintiff maintains that neither the "right to exclude" doctrine nor the jurisdictional exceptions outlined in *Montana v. United States*, 450 U.S. 544 (1981), confer tribal jurisdiction against it. (Doc. 30 at 6-16)

In response, Defendants assert that the insurance policy issued to PNR specifically included lands on the Navajo Reservation to cover the exact type of damage that occurred in this case, and therefore, the tribal court has jurisdiction to determine whether Plaintiff wrongfully denied PNR a duty to defend and indemnify the gas leak claim. (Doc. 32 at 12) Furthermore, Defendants argue that Plaintiff is relying on arguments that were not argued before the tribal court, so this Court may not consider them when ruling on the motions. (Doc. 35 at 3-4) Defendants maintain that this Court may not take into consideration the arguments regarding Plaintiff's policy period covering PNR or the arguments regarding the right to exclude under the Treaty of 1868. (Doc. 40 at 2) Defendants further argue that if the Court finds merit in either argument, then the Court is obligated to send the case back to the tribal court to hear the arguments first. (Doc. 40 at 2)

Generally, a federal court may intervene only after a tribal appellate court has ruled on the jurisdictional issue. *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 19-20 (1987). However, this tribal court exhaustion requirement is not a jurisdictional bar for a district court to hear issues regarding tribal jurisdiction. *Grand Canyon Skywalk Dev., LLC v. 'SA' NYU WA Inc.*, 715 F.3d 1196, 1200 (9th Cir. 2013). Instead, principles of comity obligate a district court to abstain from adjudicating claims over jurisdiction before the tribal court has a chance to hear the matter. *Id.* A district court may relieve a non-tribal member from the duty to exhaust, however, where it determines that tribal court jurisdiction is "plainly lacking." *See id*; *Evans v. Shoshone-Bannock Land Use Pol'y Comm'n*, 736 F.3d 1298,

1302 (9th Cir. 2013).

After considering the principles of comity, and as discussed further in this Order, the Court finds that remand to the tribal court in unnecessary in this case. The record confirms that the parties stipulated to certain facts regarding Plaintiff's policy period, which were before both the Chinle District Court and Navajo Nation Supreme Court. (Doc. 33-6) In addition, Plaintiff has consistently maintained that its status as the insured of a non-tribal member is insufficient to establish "presence" under a tribe's right to exclude. (Doc. 33-5) The record confirms that the Navajo Nation first asserted an argument in favor of jurisdiction under the Treaty of 1868 and the "right to exclude" doctrine in its response to Plaintiff's motion to dismiss. (Doc. 33-4 at 2) Therefore, as a part of the de novo review of jurisdiction, this Court considers Plaintiff's arguments and finds that jurisdiction in this case is "plainly lacking."

### B. Right to Exclude

In the Ninth Circuit, a tribal court may obtain jurisdiction over a non-tribal member under the "right to exclude" doctrine. *Window Rock Unified Sch. Dist. v. Reeves*, 861 F.3d 894, 899 (9th Cir. 2017). The general principle is that a tribe's right to exclude a non-tribal member from physically entering tribal land also establishes the tribe's right to adjudicate claims that arise once a non-tribal member is allowed onto the land. *See id.* In the context of insurance, courts have found tribal jurisdiction where an insurance company contracted directly with a tribe or tribal member to sell a policy and thereafter engaged in conduct directed toward the reservation. *Compare State Farm Ins. Cos. v. Turtle Mountain Fleet Farm LLC*, No. 1:12-cv-00094, 2014 WL 1883633, at *9-10 (D.N.D. May 12, 2014) (finding that tribal jurisdiction was sufficiently established where State Farm sold a homeowner's insurance policy to a tribal member to insure a house located on reservation land), *with Emps. Mut. Cas. Co. v. Branch*, 381 F.Supp.3d 1144, 1149-50 (D. Ariz. 2019) (finding no jurisdiction where general liability policies were issued to a non-tribal member corporation and there were no facts suggesting that the insurance company directed activity toward the tribal land).

No cases cited by either party or reviewed by this Court directly address the circumstances in this case. Here, unlike *State Farm Insurance* and *Employers Mutual Casualty*, Plaintiff issued a policy to PNR, a non-tribal entity, that specifically insured activity on tribal land—as opposed to a general liability policy that was silent about dealings on tribal land. Although this fact raises unique jurisdictional questions, the complaint and stipulated facts before the tribal court do not allege that the damage at issue in this case arose from any dealings during the policy period. It remains that the Navajo Nation's right to exclude, if any, occurred when Plaintiff specifically insured land on the Navajo Reservation from September 9, 2003 to September 9, 2004. Instead, the record indicates that the parties stipulated to facts that show the gas leak occurred in 2005—well after Plaintiff ceased to engage in any activity on the tribal land. Therefore, the Court finds that any conduct arising after the policy date cannot establish jurisdiction under the right to exclude doctrine.

### C.   Second *Montana* Exception[3]

Under the second *Montana* exception, a tribe may have jurisdiction over a non-tribal member when the non-tribal member's conduct threatens the tribe's political integrity, economic security, or health and welfare. *Montana*, 450 U.S. at 566. It logically follows that a non-tribal member's specific conduct and a resulting injury (i.e. the threat to the tribe's economic security or health and welfare) must be alleged as causally related before the tribe has any authority to adjudicate an action arising from the conduct.

For the same reasons described above, the Court finds that the Navajo tribal court does not have jurisdiction over the claims made against Plaintiff under the second *Montana* exception. None of the 2005 acts alleged in the tribal court complaint occurred during the time Plaintiff insured PNR. Furthermore, although the record alludes to gas leakage that occurred on the Property prior to 2005, the record does not indicate any specific claims regarding conduct by Plaintiff or PNR that caused a gas leak during the time period Plaintiff

---

[3] The parties have stipulated that the first *Montana* exception is inapplicable in this case. (Docs. 30 at 5; 32 at 11)

insured PNR. *See Brendale v. Confederate Tribes*, 492 U.S. 408, 431 (1989) (The impact of the nonmember's conduct must be "*demonstrably* serious and must imperil the political integrity, the economic security, or the health and welfare of the tribe.") (emphasis added); *see also Evans*, 736 F.3d at 1306 (holding that a tribe must do more than show a long history of groundwater contamination and generalized concerns about waste disposal; instead, a tribe must proffer evidence showing that a non-tribal member's specific conduct would "meaningfully exacerbate the problem"). Moreover, the record before this Court does not establish that Plaintiff's insurance funds are necessary to protect the Navajo Nation's land and water supply. *See Emps. Mut. Cas. Co.*, 381 F.Supp.3d at 1152 ("Defendants have not identified any Ninth Circuit cases where the hope of maximizing insurance funds, or something even similar, was deemed sufficient to meet the second *Montana* exception."). The fact that two non-tribal entities entered into a business agreement relating to Navajo land, which began and ended before any alleged damage occurred on the Property, is insufficient to invoke *Montana*'s second exception. Indeed, the Ninth Circuit has repeatedly held that the second *Montana* exception is invoked only in rare circumstances. *See, e.g., Big Horn Cty.*, 219 F.3d at 951. Therefore, the Court finds that jurisdiction in this case is plainly lacking. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment (Doc. 30) is **granted**;

2. Defendants' Motion for Summary Judgment (Doc. 32) is **denied**;

3. Plaintiff's request for declaratory relief is **granted** as follows: The Court declares that the Navajo Nation tribal courts lack jurisdiction over Zurich American Insurance Company in Case No. CH-CV-166-13, and any related actions;

///

///

///

///

4. Plaintiff's request for injunctive relief is **denied**; and

5. The Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 7th day of August, 2020.

                                            Honorable Steven P. Logan
                                            United States District Judge